JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Zakiah Chante Freeman, As Administratix of the Estate of Zafiq A. Freeman, Deceased

**DEFENDANTS** The GEO Group, Inc., GEO Reentry Services, LLC., GEO Operations, Inc., GEO Secure Services, LLC. F/K/A GEO Corrections and Detentions, LLC., GEO Correctional Holdings, Inc., Community Education Centers, Inc., and David Byrne

**(b)** County of Residence of First Listed Plaintiff — Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant — Palm Beach
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David K. Inscho, Esquire, Kline & Specter, P.C.,1525 Locust Street, Philadelphia, PA 19102 (215)-772-1000

Attorneys *(If Known)*
Matthew H. Fry, Esquire, DiOrio & Sereni, LLP, 21 West Front Street, Media, PA 19063 (610)-565-5700

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [X] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 790 Other Labor Litigation | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 791 Employee Retirement Income Security Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Wrongful death and survival action

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
3/29/2022

SIGNATURE OF ATTORNEY OF RECORD
/s/ Matthew H. Fry

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Zakiah Chante Freeman, as Administratrix of the Estate of Zafiq A. Freeman, Deceased | : | CIVIL ACTION |
| v. | : | |
| The GEO Group, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( X )

| | | |
|---|---|---|
| March 29, 2022 | Matthew H. Fry, Esquire | The GEO Group, Inc., et al. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-565-5700 | 610-891-0652 | mfry@diorioserreni.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Zakiah Chante Freeman, as Administratrix of the Estate of Zafiq A. Freeman, Deceased 719 Atwood Rd, Philadelphia PA 19151

Address of Defendant: The GEO Group, Inc. 4955 Technology Way, Boca Raton, FL 33431

Place of Accident, Incident or Transaction: Thornton, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/29/2022 — /s/ Matthew H. Fry — 83131

*Must sign here*

*Attorney-at-Law / Pro Se Plaintiff* — *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify): _____*

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☑ 6. Other Personal Injury *(Please specify):* Wrongful Death & Survival Action
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Matthew H. Fry, Esquire , counsel of record *or pro se* plaintiff, do hereby certify:

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: 03/29/2022 — /s/ Matthew H. Fry — 83131

*Sign here if applicable*

*Attorney-at-Law / Pro Se Plaintiff* — *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ZAKIAH CHANTE FREEMAN, AS** | : | |
| **ADMINISTRATIX OF THE** | : | |
| **ESTATE OF ZAFIQ A. FREEMAN,** | : | |
| **DECEASED** | : | |
| 719 Atwood Road | : | |
| Philadelphia, PA 19151 | : | |
| **Plaintiff,** | : | |
| | : | **No.:** |
| v. | : | |
| | : | |
| **THE GEO GROUP, INC.** | : | |
| 4955 Technology Way | : | **NOTICE OF REMOVAL** |
| Boca Raton, FL 33431 | : | |
| | : | |
| and | : | |
| | : | |
| **GEO REENTRY SERVICES, LLC** | : | |
| 4955 Technology Way | : | |
| Boca Raton, FL 33431 | : | |
| | : | |
| and | : | |
| | : | |
| **GEO OPERATIONS, INC.** | : | |
| 4955 Technology Way | : | |
| Boca Raton, FL 33431 | : | |
| | : | |
| and | : | |
| | : | |
| **GEO SECURE SERVICES, LLC F/K/A** | : | |
| **GEO CORRECTIONS AND** | : | |
| **DETENTIONS, LLC** | : | |
| 4955 Technology Way | : | |
| Boca Raton, FL 33431 | : | |
| | : | |
| and | : | |
| | : | |
| **GEO CORRECTIONAL** | : | |
| **HOLDINGS, INC.** | : | |
| 4955 Technology Way | : | |
| Boca Raton, FL 33431 | : | |
| | : | |
| and | : | |

**COMMUNITY EDUCATION**      :
**CENTERS, INC.**      :
4955 Technology Way      :
Boca Raton, FL 33431      :
     :
        and      :
     :
**DAVID BYRNE**      :
500 Cheyney Road      :
Thornton, PA 19373      :
               **Defendants.**      :

___

**TO:**    **THE UNITED STATES DISTRICT COURT FOR**
         **THE EASTERN DISTRICT OF PENNSYLVANIA:**

Defendants, The GEO Group, Inc., GEO Reentry Services, LLC., GEO Operations, Inc., GEO Secure Services, LLC., GEO Correctional Holdings, Community Education Centers, Inc. and David Byrne., by and through its attorneys, Robert M DiOrio and Matthew H. Fry, give notice of removal of the above-captioned action from the Court of Common Pleas of Philadelphia County, Pennsylvania, in which this action is now pending, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§1332, 1441, and 1446, and in support thereof aver as follows:

1.      Plaintiff commenced this civil action by filing a writ of summons in the Court of Common Pleas of Philadelphia County, Pennsylvania, on July 29, 2021.

2.      Thereafter, Plaintiff filed the first pleading, a complaint, on March 9, 2022. A true and correct copy of the Plaintiff's Complaint is attached as Exhibit "A".

3.      Defendants were served with the Complaint on March 9, 2022, and Defendants have filed this Notice of Removal with 30 days of first receipt of the Complaint, and thus this removal is timely pursuant to 28 U.S.C. §1441(e). A true and correct copy of the docket entries from the action filed in Philadelphia County Court of Common Pleas is attached hereto as Exhibit "B".

4.      Plaintiff, Zakiah Chante Freeman, upon information and belief, is a citizen of Pennsylvania for purposes of 28 U.S.C. §1332.

5.      Defendant Community Education Centers, Inc., is a Delaware corporation with a principal place of business at 4955 Technology Way, Boca Raton, FL 33431 and is thus a citizen of Florida for the purposes of 28 U.S.C. §1332.

6.      Defendant GEO Secure Services, LLC f/k/a GEO Corrections and Detentions, LLC is a Florida corporation with a principal place of business at 4955 Technology Way, Boca Raton, FL 33431and is thus a citizen of Florida for the purposes of 28 U.S.C. §1332.

7.      Defendant The GEO Group, Inc., is a Florida corporation with a principal place of business at 4955 Technology Way, Boca Raton, FL 33431and is thus a citizen of Florida for the purposes of 28 U.S.C. §1332.

8.      Defendant GEO Reentry Services, Inc., is a Florida corporation with a principal place of business at 4955 Technology Way, Boca Raton, FL 33431and is thus a citizen of Florida for the purposes of 28 U.S.C. §1332.

9.      Defendant GEO Operations, Inc., is a Florida corporation with a principal place of business at 4955 Technology Way, Boca Raton, FL 33431and is thus a citizen of Florida for the purposes of 28 U.S.C. §1332.

10.     Defendant GEO Correctional Holdings, Inc., is a Florida corporation with a principal place of business at 4955 Technology Way, Boca Raton, FL 33431and is thus a citizen of Florida for the purposes of 28 U.S.C. §1332.

11.     Defendant David Byrne, is a citizen of the State of Georgia.

12.     Upon information and belief, Plaintiff's Complaint seeks damages in excess of $75,000 based upon the injuries alleged and thus, the amount in controversy is in excess of the jurisdictional amount for diversity jurisdiction.

13.     There is diversity of citizenship between Plaintiff and Defendants; therefore, this Court has jurisdiction over this matter through federal diversity jurisdiction, pursuant to 28 U.S.C. §1332.

**WHEREFORE**, Defendant hereby gives notice of removal of the above action now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. This action will proceed in this Court as an action properly removed thereto.

Respectfully Submitted,
**DiORIO & SERENI, LLP**

**DATE:** March 29, 2022          **BY:**     /s/ *Robert M. DiOrio*
**ROBERT M. DIORIO, ESQ.**
Attorney ID No.: 17838

/s/ *Matthew H. Fry*
**MATTHEW H. FRY, ESQ.**
Attorney ID No.: 83131
DiOrio & Sereni LLP
P.O. Box 1789
Media, PA 19063

# EXHIBIT "A"

**KLINE & SPECTER, P.C.**
By:  DAVID K. INSCHO, ESQUIRE
      MICHAEL A. CAVALIERE, ESQUIRE
Identification Nos. 90267/313964
1525 Locust Street
Philadelphia, PA 19102
(215) 772-1000


*Filed and Attested by the
Office of Judicial Records
09 MAR 2022 02:45 pm
Attorney for ~~S. PRATT~~ Plaintiff*

| | | |
|---|---|---|
| ZAKIAH CHANTE FREEMAN, AS | : | |
| ADMINISTRATRIX OF THE | : | |
| ESTATE OF ZAFIQ A. FREEMAN, | : | |
| DECEASED | : | COURT OF COMMON PLEAS |
| 719 Atwood Road | : | OF PHILADELPHIA COUNTY |
| Philadelphia, PA 19151 | : | |
| | : | |
| Plaintiff | : | JULY TERM, 2021 |
| | : | |
| v. | : | |
| | : | NO.:  002489 |
| | : | |
| THE GEO GROUP, INC. | : | |
| 4955 Technology Way | : | |
| Boca Raton, FL 33431 | : | |
| | : | |
| and | : | |
| | : | |
| GEO REENTRY SERVICES, LLC | : | |
| 4955 Technology Way | : | |
| Boca Raton, FL 33431 | : | |
| | : | |
| and | : | |
| | : | |
| GEO OPERATIONS, INC. | : | |
| 4955 Technology Way | : | |
| Boca Raton, FL 33431 | : | |
| | : | |
| and | : | |
| | : | |
| GEO SECURE SERVICES, LLC F/K/A | : | |
| GEO CORRECTIONS AND | : | |
| DETENTIONS, LLC | : | |
| 4955 Technology Way | : | |
| Boca Raton, FL 33431 | : | |
| | : | |
| and | : | |
| | : | |
| | : | |

Case ID: 210702489

|  | : |
|---|---|
|  | : |
| GEO CORRECTIONAL | : |
| HOLDINGS, INC. | : |
| 4955 Technology Way | : |
| Boca Raton, FL 33431 | : |
|  | : |
| and | : |
|  | : |
| COMMUNITY EDUCATION | : |
| CENTERS, INC.. | : |
| 4955 Technology Way | : |
| Boca Raton, FL 33431 | : |
|  | : |
| and | : |
|  | : |
| DAVID BYRNE | : |
| 500 Cheyney Road | : |
| Thornton, PA 19373 | : |
|  | : |
|  | : |
| Defendants. | : |

| NOTICE | ADVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral Service
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6338 | Le han demandado a used en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte pueda decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Lawyer Referral Service
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6338 |

Case ID: 210702489

## CIVIL ACTION COMPLAINT

Plaintiff, Zakiah Chante Freeman, individually and as Administratrix of the Estate of Zafiq A. Freeman, deceased, by and through her undersigned counsel, Kline & Specter, P.C., hereby demands damages of the above-captioned Defendants in a sum in excess of the local arbitration limits, exclusive of interests, costs and damages for prejudgment delay, upon the causes of action set forth below:

### PARTIES AND VENUES

1.      Plaintiff, Zakiah Chante Freeman, is the sister of Zafiq A. Freeman, deceased, and is an adult person and citizen of the Commonwealth of Pennsylvania residing at 719 Atwood Road, Philadelphia, PA 19151.

2.      Plaintiff, Zakiah Chante Freeman, is the Administratrix of the Estate of Zafiq A. Freeman, deceased, having been so appointed by the Court of Common Pleas of Philadelphia County on July 29, 2021.  *See* Letters of Administration attached hereto as Exhibit "A."

3.      Defendant, The GEO Group, Inc. ("GEO"), is a corporation or other jural entity organized and existing under and by virtue of the laws of the State of Florida and with a business address at 4955 Technology Way, Boca Raton, FL 33431.

4.      GEO is a private for-profit operator of correctional facilities and was at all times a publicly held corporation trading under the stock symbol "GEO."  At all times relevant thereto, Defendant GEO and or its subsidiaries, successors in interest, or predecessors in interest had a contract to operate the George W. Hill Correctional Facility ("GWHCF"), located in Delaware County Pennsylvania.  At no time relevant hereto, was GEO a municipality, political subdivision, or agency of the Commonwealth of Pennsylvania.

Case ID: 210702489

5.     Defendant GEO Reentry Services, LLC ("GEO Reentry"), is a corporation or other jural entity organized and existing under and by virtue of the laws of the State of Florida and with a business address at 4955 Technology Way, Boca Raton, FL 33431.  At all times relevant hereto, Defendant GEO Reentry was an indirect or direct subsidiary of GEO.

6.     GEO Reentry is a private for-profit operator of correctional facilities.  At all times relevant thereto, Defendant GEO Reentry and/or its subsidiaries, parent corporations, successors in interest, or predecessors in interest operated the George W. Hill Correctional Facility, located in Delaware County Pennsylvania.  At no time relevant hereto, was GEO Reentry a municipality, political subdivision, or agency of the Commonwealth of Pennsylvania.

7.     Defendant, GEO Operations, Inc. ("GEO Operations"), is a corporation or other jural entity organized and existing under and by virtue of the laws of the State of Florida and with a business address at 4955 Technology Way, Boca Raton, FL 33431. At all times relevant hereto, Defendant GEO Operations was an indirect or direct subsidiary of GEO.

8.     GEO Operations is a private for-profit operator of correctional facilities.  At all times relevant thereto, Defendant GEO Operations and or its subsidiaries, parent corporations, successors in interest, or predecessors in interest operated the George W. Hill Correctional Facility, located in Delaware County Pennsylvania.  At no time relevant hereto, was GEO Operations a municipality, political subdivision, or agency of the Commonwealth of Pennsylvania.

9.     Defendant, GEO Secure Services, LLC f/k/a GEO Corrections and Detentions, LLC ("GEO Corrections"), is a limited liability corporation or other jural entity organized and existing under and by virtue of the laws of the State of Florida and with a business address at

Case ID: 210702489

4955 Technology Way, Boca Raton, FL 33431.  At all times relevant hereto, Defendant GEO Corrections was an indirect or direct subsidiary of GEO.

10.     GEO Corrections is a private for-profit operator of correctional facilities.  At all times relevant thereto, Defendant GEO Corrections and or its subsidiaries, parent corporations, successors in interest, or predecessors in interest operated the George W. Hill Correctional Facility, located in Delaware County Pennsylvania.  At no time relevant hereto, was GEO Corrections a municipality, political subdivision, or agency of the Commonwealth of Pennsylvania.

11.     Defendant, GEO Corrections Holdings, Inc. ("GEO Holdings"), is a corporation or other jural entity organized and existing under and by virtue of the laws of the State of Florida and with a business address at 4955 Technology Way, Boca Raton, FL 33431.  At all times relevant hereto, Defendant GEO Holdings was an indirect or direct subsidiary of Defendant GEO.

12.     GEO Holdings is a private for-profit operator of correctional facilities.  At all times relevant thereto, Defendant GEO Holdings and or its subsidiaries, successors in interest, or predecessors in interest operated the George W. Hill Correctional Facility, located in Delaware County Pennsylvania.  At no time relevant hereto, was GEO Holdings a municipality, political subdivision, or agency of the Commonwealth of Pennsylvania.

13.     Defendant, Community Education Centers, Inc. ("CEC"), is a corporation or other jural entity organized and existing under and by virtue of the laws of the State of Florida and with a business address at 4955 Technology Way, Boca Raton, FL 33431.  At the time of Plaintiff's decedent's death, Defendant CEC was an indirect or direct subsidiary of Defendant GEO.

5

Case ID: 210702489

14.     CEC is a private for-profit operator of correctional facilities.  At all times relevant thereto, Defendant CEC and or its subsidiaries, successors in interest, or predecessors in interest operated the George W. Hill Correctional Facility, located in Delaware County Pennsylvania.  At no time relevant hereto, was CEC a municipality, political subdivision, or agency of the Commonwealth of Pennsylvania.

15.     Upon information and belief, David Byrne ("Byrne") is an adult person and resident of the Commonwealth of Pennsylvania with a work address at 500 Cheyney Road, Thornton, PA 19373.  At all times relevant thereto, Defendant Byrne was employed by the Defendants, GEO, GEO Reentry, GEO Operations, GEO Corrections, GEO Holdings, and/or CEC as the warden at the George W. Hill Correctional Facility.  As the warden at the George W. Hill Correctional Facility, Byrne had oversight of operations and of drafting, promulgating, and enforcing policies, procedures at the jail.  He further had oversight over hiring and training individuals at the jail.

16.     At all times relevant hereto, Defendants, GEO, GEO Reentry, GEO Operations, GEO Corrections, GEO Holdings, and CEC (collectively "GEO Defendants") were acting by and through their actual and/or ostensible agents, servants, and/or employees of George W. Hill Correctional Facility, including Warden David Byrne, C.O. Robert Horan, C.O. David Jones, Sergeant Francis Massaquoi, M. Wremer, C.O. K. Holmes, the Suicide Prevention Team at George W. Hill Correctional Facility,  including the warden, assistant warden, chief of security, CERT Commander, Risk Manager, Compliance Administrator, Classification Supervisor, and other personnel whose activities and conduct with regard to Zafiq A. Freeman and the policies and procedures and practices of the Defendants and the George W. Hill Correctional Facility are presently known only to the Defendants, but not to the Plaintiff, after reasonable investigation.

6

Case ID: 210702489

Further, Defendants GEO, GEO Reentry, GEO Operations, GEO Corrections, GEO Holdings, and CEC were acting as agents, direct, implied, ostensible or otherwise in the operation of the George W. Hill Correctional Facility including the events giving rise to this action, including the supervision and operation of Unit 8B on the date of Mr. Freeman's suicide attempt.

17.     Venue in this matter is properly laid in Philadelphia County as one or more of the Defendants regularly conducts business in Philadelphia.

## FACTS GIVING RISE TO LIABILITY

18.     In or about 1997, responsibility for operation of GWHCF was transferred from Delaware County to a private for-profit prison company, Wackenhut Corrections Corporation ('Wackenhut"). In or about 2003, Wackenhut changed its name to The GEO Group, Inc. ("GEO").

19.     From 2003-2009, GEO contracted with the Delaware County Board of Prison Supervisors and/or the Delaware County Council to operate the GWHCF. From 2002 until 2009, at least twelve inmates died at the GWHCF while the facility was operated by and under the auspices of The GEO Group, Inc.

20.     Upon information and belief, from 2002 until 2009, at least six inmates killed themselves under the supervision of GEO at the GWHCF, several of whom killed themselves by hanging themselves in their cells.

21.     Following these deaths under GEO supervision from 2002-2009, multiple lawsuits were filed against GEO, alleging among other things, lack of proper supervision in the facility.

22.     In November of 2007, an inmate hanged himself when he was left unsupervised in his cell. The family of the inmate filed suit against GEO alleging that GEO should have

7

Case ID: 210702489

implemented policies and procedures to identify the vulnerability of inmates with drug abuse history and withdrawal.

23.     On or about, December 31, 2008, GEO pulled out of operations of the GWHCF citing "underperformance and frequent litigations." A new for-profit prison contractor, CEC, took over operation of the facility.

24.     Upon information and belief, when CEC took over for GEO, the same management, including the Defendant Byrne and chief of security remained in charge of GWHCF.

25.     From 2009 until 2017, under the operation and supervision of CEC, more inmates killed themselves at the GWHCF. During this time at least eight inmates killed themselves, many of them from hanging themselves in their cells.

26.     In November 2011, a young inmate with a history of mental illness hung herself at the GWHCF. The inmate was required to be observed at 30-minute intervals, however, the inmate had been left unobserved. A subsequent investigation found that the GWHCF personnel had falsified housing unit logs to indicate that the required checks were done. The inmate's family filed a lawsuit against CEC arising from her death.

27.     On May 26, 2015, another young inmate with a known history of mental illness hung herself in her cell at the GWHCF. The inmate was on "restricted housing" at the time. The inmate covered the window to her cell. Despite guards being aware that the window was covered, no one checked on the inmate. Eventually, it was discovered that she had hung herself. The inmate's family filed a lawsuit against CEC and GEO arising from her death.

8

Case ID: 210702489

28.    On July 5, 2015, another inmate with a known history of mental illness covered the window to his cell and hung himself at the GWHCF.  Eventually, it was discovered that the inmate had hung himself.

29.    In April of 2017, Defendant GEO purchased CEC for three-hundred and sixty million dollars.  Upon information and belief, when Defendants acquired CEC, the same management, including the Defendant Byrne and chief of security remained in charge of the GWHCF.  Defendant GEO undertook directly and/or through its subsidiaries, successors in interest, or predecessors in interest, including the Defendants named herein the operation of the GWHCF.

30.    In February of 2018, another inmate at the GWHCF killed himself in his cell, hours after he was cleared to return to general population from suicide watch after he was allowed to cover the window to his cell.  The inmate was on a restricted housing at the time of his death.

31.    In November of 2018, another inmate committed suicide by hanging himself in his cell at the GWHCF.  The inmate was on restricted housing at the time of his suicide.  After his death, the investigators learned from recorded inmate telephone calls that had previously attempted suicide in his cell and the guard had ignored a noose hanging in his cell and injuries to his neck from his prior suicide attempt.

32.    In February of 2020, another inmate with a history of mental illness covered the window to his cell and committed suicide by hanging himself in his cell.

33.    Upon information and belief, Defendants collectively continue to operate the George W. Hill Correctional Facility and continue to employ the individuals who staff the facility.

9

Case ID: 210702489

34.      Zafiq A. Freeman was born on February 9, 1993 and died on August 1, 2019.

35.      Prior to being brought to the GWHCF, Zafiq A. Freeman, had a history of bipolar disorder and admissions for suicidal ideations and suicide attempts.

36.      On July 25, Zafiq A. Freeman, was found unconscious outside of a home in the area of 743 Veronica Road, Upper Darby, PA 19082.  Upon information and belief, a 911 call was placed.  The Upper Darby police responded to the 911 call.

37.      According to records, a sternal rub was performed, and Mr. Freeman became conscious.  According to police, he was not making sense. He attempted to walk away from police, but they restrained him.

38.      It was suspected at the scene that Mr. Freeman was under the influence of drugs.

39.      Upper Darby police arrested Mr. Freeman on an outstanding bench warrant, however, because of his medical condition, he was taken to Delaware County Memorial Hospital emergency room.

40.      Prior to leaving the scene of the arrest, EMS were informed that Mr. Freeman was a suicide risk.

41.      Zafiq A. Freeman was admitted to Delaware County Memorial Hospital from July 25 until July 28.

42.      According to medical records, EMS reported to the emergency room that the patient mentioned recent suicidal ideation/attempt admission.

43.      While at Delaware County Memorial Hospital, Zafiq A. Freeman underwent a Psychiatric consult to "rule out suicide attempt."

44.      On July 28, Zafiq A. Freeman, was discharged from Delaware County Memorial Hospital and taken to GWHCF.

Case ID: 210702489

45.     Intake documents at GWHCF report that Zafiq A. Freeman suffered from schizophrenia.

46.     Despite Mr. Freeman's history of suicide attempts and hospitalizations and the reports given to the EMS and reflected in ER records, there was no notation of Mr. Freeman having any risk of suicide in the GWHCF records.

47.     Despite Mr. Freeman's history of suicide attempts and hospitalizations and the reports given to the EMS and reflected in the ER records, Mr. Freeman was never discussed by GWHCF's suicide prevention committee.

48.     As of the time of Zafiq A. Freeman's incarceration in July 2019, Defendants knew about at least fifteen suicides at the GWHCF since it was under private operation by the GEO Defendants and the GEO Defendants had been party to multiple wrongful death lawsuits arising from the inadequate supervision of inmates leading to their suicide.

49.     As of the time of Zafiq A. Freeman's incarceration, Defendants were also aware that suicidal inmates would cover the windows to their cells to attempt to commit suicide.

50.     As of the time of Zafiq A. Freeman's incarceration, Defendants knew that inmates, particularly those on restricted housing, those suffering from substance abuse withdrawal, and those with a history of mental illness were vulnerable to and at risk of committing suicide.

51.     As of the time of Zafiq A. Freeman's incarceration, Defendants knew that inmates who were likely to attempt suicide, were most likely to attempt to hang themselves in their cell.

Case ID: 210702489

52.     As of the time of Zafiq A. Freeman's incarceration, many of the inmates at GWHCF had mental health issues and/or substance abuse issues. In 2017, 21% of incoming inmates underwent some type of detoxification from substances at the facility.

53.     In 2017 there were 21 reported attempted suicides at GWHCF. In 2018, there were more than 34 attempted suicides at the facility.

54.     On July 29, Zafiq A. Freeman, was assigned to Unit 8B, Cell 105, which was an "intake" unit. He was assigned a cell with two other inmates.

55.     Inmates on "intake" were locked in their cells 23 hours a day. They were allowed out for "rec time" one hour a day.

56.     On the morning of July 30, 2019, at or around 9:00 a.m., the inmates on the bottom tier of Unit 8, were let out of their cells for "rec time."

57.     At some time after being left out of his cell for "rec time," Zafiq A. Freeman returned to Cell 105, where he covered the window to the cell with a sheet.

58.     Despite the known dangers of inmates covering their cell windows and the number of prior suicides by hanging that have occurred at the jail when inmates covered their cell windows, no officer went to Cell 105 to remove the covering or check on Mr. Freeman.

59.     At about 9:56 a.m., one of Mr. Freeman's cellmates returned to the cell and opened the cell door. He found Mr. Freeman hanging from a sheet from the top bunk in the cell.

60.     Mr. Freeman's cellmate alerted the officers on Unit 8B that Mr. Freeman was hanging and needed assistance.

Case ID: 210702489

61.     EMS personnel arrived at the GWHCF and took over the resuscitation attempts. Mr. Freeman was transported to the Chester-Crozier Medical Center.  According to the medical records, Mr. Freeman had a spontaneous return of pulses after CPR.

62.     According to the medical records, Mr. Freeman had been hanging for an "unknown time."

63.     A CT scan performed at Chester-Crozier Medical Center revealed that Zafiq A. Freeman suffered a global anoxic brain injury as a result of his hanging.  He was found to have been experiencing hypoxic ventilator dependent respiratory failure, metabolic acidosis, and lactic acidosis. The assessment at the hospital was that he would not make a neurologic recovery.  Plaintiff agreed to the removal of life sustaining measures.

64.     Zafiq A. Freeman was pronounced dead at 5:10 p.m. on August 1, 2019.

65.     On July 30, Mr. Freeman was on every 15-minute security checks, which meant that a guard assigned to his module was supposed to check on Mr. Freeman every 15 minutes.

66.     On the first shift on July 30, C.O. Horan was responsible for conducting checks on Mr. Freeman every 15 minutes.

67.     According to the documentation from GWHCF on July 30, C.O. Horan recorded that Mr. Freeman was "Offered Exercise" at 9:00, 9:15, 9:30, 9:45, and 10:00.

68.     The documentation of Mr. Freeman's 15-minute security checks was not accurate, and Mr. Freeman was found hanging in his cell before 10:00 and could not have been "offered exercise."

69.     There is no documentation of any security rounds on Unit 8B, conducted for more than one-hour prior Mr. Freeman being found hanging in his cell.

Case ID: 210702489

70.    The injuries and damages suffered by Zafiq A. Freeman, were directly and proximately caused by the acts and/or omissions of Defendants, jointly and severally, their agents, servants and/or employees.

71.    The acts and/or omissions of all Defendants, jointly and severally, directly and proximately caused, and/or increased the risk of harm, of the injuries and damages suffered by Zafiq A. Freeman, as set forth herein.

72.    As a direct and proximate result of the negligence of all Defendants, jointly and severally, as well as the negligence of their agents, servants and/or employees, Zafiq A. Freeman was caused to experience:

        a.    pain and suffering;

        b.    fear and fright;

        c.    humiliation and embarrassment;

        d.    economic loss; and,

        e.    death.

**WHEREFORE**, Plaintiff demands damages against Defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000) Dollars, and in excess of local arbitration limits, exclusive of interests and costs.

## FIRST CAUSE OF ACTION - WRONGFUL DEATH
### Plaintiff v. All Defendants

73.    Plaintiff Zakiah Chante Freeman, individually and as Administratrix of the Estate of Zafiq A. Freeman, deceased, brings this Survival Action on behalf of the Estate of Zafiq A. Freeman under and by virtue of 42 Pa.C.S. §8302, and the applicable Rules of Civil Procedure and the decisional law interpreting said Act.

14

Case ID: 210702489

74.    As a result of the negligence of all Defendants set forth herein, Zafiq A. Freeman, was caused grave injuries and death, resulting in the entitlement to damages by his Estate under the Survival Act.

75.    As a result of the death of Zafiq A. Freeman, his Estate has been deprived of the economic value of his life expectancy, and Plaintiff claims under the Survival Act, damages for all pecuniary losses suffered by the Estate as a result of the decedent's death, including all loss of income, earnings, retirement income, benefits and Social Security income.

76.    The Administratrix further claims, under the Survival Act, the total amount that the decedent would have earned in the future, minus the costs of personal maintenance.

77.    The Administratrix further claims, under the Survival Act, damages for the conscious pain and suffering endured by decedent prior to death, including physical pain and suffering, and mental pain and suffering leading to decedent's death.

78.    The Administratrix further claims, under the Survival Act, all damages recoverable pursuant to 42 Pa.C.S. §8302, and the decisional law interpreting said Act.

**WHEREFORE**, Plaintiff demands damages against Defendants, jointly and severally, in excess of Fifty Thousand ($50,000) Dollars, and in excess of local arbitration limits under the Wrongful Death Act, exclusive of interests and costs.

### COUNT I – NEGLIGENCE - VICARIOUS LIABILITY
**Plaintiff v. Defendants, The GEO Group, Inc., GEO Reentry Services, LLC., GEO Operations, Inc., GEO Secure Services, LLC f/k/a GEO Corrections and Detentions, LLC, GEO Corrections Holdings, Inc., and Community Education Centers, Inc.**

79.    The previous paragraphs are incorporated herein by reference as if set forth in full.

15

Case ID: 210702489

80.     The collective negligence of Defendants, GEO, GEO Reentry, GEO Operations, GEO Corrections, GEO Holdings, and CEC, by and through their agents, servants, and/or employees, with the course and scope of their agency and employment including Defendant David Byrne, and any other agents, employees, servants involved in the monitoring of Zafiq A. Freeman, the operation of Unit 8B, and implementation of trainings and policies and procedures and practices of Defendants and the George W. Hill Correctional Facility consists of the following:

a.      negligently and recklessly failing to record Mr. Freeman's history of suicide attempts and suicidal ideation reported on July 25 when he was taken to the Delaware County Memorial Hospital ER;

b.      negligently and recklessly failing to discuss Mr. Freeman at the Suicide Prevention Meetings;

c.      negligently and recklessly failing to advise medical and security staff of Mr. Freeman's history of suicide attempts and suicidal ideation reported on July 25, when he was taken to the Delaware County Memorial Hospital ER;

d.      negligently and recklessly failing to check on Zafiq A. Freeman's well-being on July 30, 2019;

e.      negligently and recklessly failing to prevent Zafiq A. Freeman from covering the window to his cell on July 30, 2019;

f.      negligently and recklessly failing to follow suicide prevention protocols, procedures, and training for the GWHCF;

g.      negligently and recklessly failing to train guards, supervisors, and other staff at GWHCF on the need to prevent inmates from covering windows to their cells;

h.      negligently and recklessly failing to check on the well-being of Mr. Freeman after he covered the window to his cell;

i.      negligently and recklessly allowing Mr. Freeman cell window to remain covered;

16

Case ID: 210702489

j.    negligently and recklessly failing to conduct required safety rounds on Unit 8B;

k.    failing to comply with the Suicide Prevention Program at the GWHCF;

l.    negligently and recklessly failing to perform 15-minute checks;

m.    failing to comply with relevant standards applicable to operation of jails including the GWHCF;

n.    failure to prevent the hanging and fatal injury of Zafiq A. Freeman on July 30, 2019;

o.    failing to provide adequate policies and procedures and training for responding to inmates covering their cell windows;

p.    failing to provide adequate training of staff for responding to inmates covering the windows to their cells, rounding on inmates, and conducting 15-minute security checks on inmates;

q.    employing and retaining staff who were not competent in complying with suicide prevention policies and programs;

r.    failing to adequately train staff in suicide prevention policies;

s.    retaining staff who were not competent in complying with the Suicide Prevention Program at the GWHCF;

t.    failing to properly train staff in complying with the Suicide Prevention Program at the GWHCF;

u.    failing to respond to history of past suicides at GWHCF by adopting adequate training and policies and procedures; and,

v.    failing to adopt and apply policies, procedures, and practices for the proper hiring, retention, supervision, and training of staff at the George W. Hill Correctional Facility as described above.

**WHEREFORE**, Plaintiff demands damages against Defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000) Dollars, and in excess of local arbitration limits, exclusive of interests and costs.

Case ID: 210702489

## COUNT II – DIRECT NEGLIGENCE
### Plaintiff v. Defendants, The GEO Group, Inc., GEO Reentry Services, LLC., GEO Operations, Inc., GEO Secure Services, LLC f/k/a GEO Corrections and Detentions, LLC, GEO Corrections Holdings, Inc., and Community Education Centers, Inc.

81.     The previous paragraphs are incorporated herein by reference as if set forth in full.

82.     Defendants GEO, GEO Reentry, GEO Operations, GEO Corrections, GEO Holdings, and CEC, collectively maintained policies, procedures, and practices for the supervision, training, and hiring of employees at the George W. Hill Correctional Facility and policies and procedures for preventing inmates' deaths, inmate suicides, rounding on inmates, and conducting 15-minute checks.

83.     The negligence of Defendants, GEO, GEO Reentry, GEO Operations, GEO Corrections, GEO Holdings, and CEC, in the policies and procedures and practices described above consists of the following:

a.      failing to provide adequate policies and procedures for responding to inmates who report suicidal ideation to healthcare providers before being brought to the jail;

b.      failing to comply with relevant standards applicable to operation of jails including the GWHCF;

c.      negligently and recklessly failing to train guards, supervisors, and other staff at GWHCF on the need to prevent inmates from covering windows to their cells;

d.      failing to provide adequate policies and procedures and training for responding to inmates covering their cell windows;

e.      failing to provide adequate training of staff for responding to inmates covering the windows to their cells, rounding on inmates, and conducting 15-minute security checks on inmates;

f.      employing and retaining staff who were not competent in complying with suicide prevention policies and programs;

18

Case ID: 210702489

g.      failing to adequately train staff in suicide prevention policies;

h.      retaining staff who were not competent in complying with the Suicide Prevention Program at the GWHCF;

i.      failing to properly train staff in complying with the Suicide Prevention Program at the GWHCF;

j.      failing to respond to history of past suicides at GWHCF by adopting adequate training and policies and procedures; and,

k.      failing to adopt and apply policies, procedures, and practices for the proper hiring, retention, supervision, and training of staff at the George W. Hill Correctional Facility as described above.

**WHEREFORE**, Plaintiff demands damages against Defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000) Dollars, and in excess of local arbitration limits, exclusive of interests and costs.

### COUNT III – NEGLIGENCE
### <u>Plaintiff v. Defendant David Byrne</u>

84.     The previous paragraphs are incorporated herein by reference as if set forth in full.

85.     Defendant Byrne was at all times the warden/administrator of the GWHCF.  As Warden/Administrator of the facility, he had responsibility for policies procedures and practices, and training of staff.

86.     As Warden/Administrator of the facility, Defendant Byrne had knowledge of the multiple suicides at GWHCF while under the operation of GEO/CEC and circumstances of those suicides.

87.     As Warden/Administrator of the facility, Defendant Byrne had knowledge of the multiple lawsuits filed and allegations therein as a result of the suicides at the GWHCF.

19

Case ID: 210702489

88. As Warden/Administrator of the facility, Defendant Byrne had the ability and responsibility to investigate the circumstances of inmate suicides and respond with appropriate changes to policies and procedures.

89. The negligent conduct of Defendant Byrne, in the course and scope of his employment with Defendants, GEO, GEO Reentry, GEO Operations, GEO Corrections, GEO Holdings, and CEC, consists of the following:

    a.    failing to provide adequate policies and procedures for responding to inmates who report suicidal ideation to healthcare providers before being brought to the jail;

    b.    failing to comply with relevant standards applicable to operation of jails including the GWHCF;

    c.    negligently and recklessly failing to train guards, supervisors, and other staff at GWHCF on the need to prevent inmates from covering windows to their cells;

    d.    failing to provide adequate policies and procedures and training for responding to inmates covering their cell windows;

    e.    failing to provide adequate training of staff for responding to inmates covering the windows to their cells, rounding on inmates, and conducting 15-minute security checks on inmates;

    f.    employing and retaining staff who were not competent in complying with suicide prevention policies and programs;

    g.    failing to adequately train staff in suicide prevention policies;

    h.    retaining staff who were not competent in complying with the Suicide Prevention Program at the GWHCF;

    i.    failing to properly train staff in complying with the Suicide Prevention Program at the GWHCF;

    j.    failing to respond to history of past suicides at GWHCF by adopting adequate training and policies and procedures;

Case ID: 210702489

k.     failing to adopt and apply policies, procedures, and practices for the proper hiring, retention, supervision, and training of staff at the George W. Hill Correctional Facility as described above, and,

l.     failure to prevent the hanging and fatal injury of Zafiq A. Freeman on July 31, 2019.

**WHEREFORE,** Plaintiff demands damages against Defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000) Dollars, and in excess of local arbitration limits, exclusive of interests and costs.

Respectfully Submitted,

**KLINE & SPECTER, P.C.**

By:    *David K. Inscho*
         DAVID K. INSCHO, ESQUIRE
         MICHAEL A. CAVALIERE, ESQUIRE
Date: <u>March 9, 2022</u>     ***Attorneys for Plaintiff***

21

Case ID: 210702489

## VERIFICATION

I, David K. Inscho, Esquire, as duty appointed counsel to, and representative of Zakiah Chante Freeman, as Administratrix of the Estate of Zafiq A. Freeman, deceased, do hereby verify, on behalf of Plaintiff, that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information, and belief. This knowledge, information, and belief is based upon my diligent investigation of the subject matter of this action. I make this verification subject to Pa.R.C.P. No. 1023.1, relating to the signing of documents and representations made to the court; and, subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.


_David K. Inscho_
DAVID K. INSCHO, ESQUIRE


Date: March 9, 2022

# EXHIBIT "A"

Case ID: 210702489

LETTERS OF ADMINISTRATION

**REGISTER'S OFFICE**
PHILADELPHIA COUNTY, PA

Nº **A3289-2021**

ESTATE OF **Zafiq A Freeman**
AKA: Zafiq Ahmil Freeman

Social Security No. **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**

WHEREAS, **Zafiq A Freeman**

late of **719 Atwood Road, Philadelphia, PA 19151**

died on the **1st** day of **August**, **2019** ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, TRACEY L. GORDON, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration

to **Zakiah Chante Freeman**

who ha **s** duly qualified as **Administratrix** of the estate of the above named decedent and ha **s** agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the **29th** day of **July** **2021**

_Deputy Register_

10-36(Rev. 10/99)

# Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A3289-2021**

**Commonwealth of Pennsylvania**

**County of Philadelphia**

} ss.

I, **TRACEY L. GORDON,** Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the ___29th___ day of __July__

in the year of our Lord__2021__  **LETTERS OF ADMINISTRATION**

on the Estate of __Zafiq A Freeman__

(AKA: Zafiq Ahmil Freeman)

Deceased, were granted unto __Zakiah Chante Freeman__

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death ____8/1/2019____

Given under my hand and seal of office, this__29th__ day of __July__ , 20_21_

_Deputy Register_

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

Case ID: 210702489

# EXHIBIT "B"

# Docket Report

## Case Description

**Case ID:**       210702489

**Case Caption:**  FREEMAN VS THE GEO GROUP, INC. ETAL

**Filing Date:**   Thursday , July 29th, 2021

**Location:**      CH - City Hall

**Case Type:**     2O - PERSONAL INJURY - OTHER

**Status:**        CLLSC - LISTED FOR SETTLEMENT CONF

## Related Cases

*No related cases were found.*

## Case Event Schedule

| Event | Date/Time | Room | Location | Judge |
|---|---|---|---|---|
| PROJECTED SETTLEMENT CONF DATE | 01-SEP-2023 09:00 AM | City Hall | Courtroom 480, City Hall | COHEN, DENIS P |
| PROJECTED PRE-TRIAL CONF. DATE | 01-NOV-2023 09:00 AM | City Hall | Courtroom 480, City Hall | COHEN, DENIS P |
| PROJECTED TRIAL DATE | 01-DEC-2023 09:00 AM | City Hall | Courtroom 480, City Hall | COHEN, DENIS P |

## Case Motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | ID | Name |
|---|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | A90267 | INSCHO, DAVID K |
| **Address:** | KLINE & SPECTER 1525 LOCUST ST 19TH FLOOR PHILADELPHIA PA 19102 (215)772-1000 (215)772-1005 - FAX david.inscho@klinespecter.com | | **Aliases:** | *none* | |
| 2 | 1 | | ADMINISTRATRIX | @11200439 | FREEMAN, |

| | | | - PLAINTIFF | | ZAKIAH CHANTE |
|---|---|---|---|---|---|
| **Address:** | 719 ATWOOD ROAD PHILADELPHIA PA 19151 | | **Aliases:** | *none* | |
| | | | | | |
| 3 | 11 | | DEFENDANT | @11200440 | GEO GROUP INC |
| **Address:** | 621 NW 53RD STREET, SUITE 700 BOCA RATON FL 33487 | | **Aliases:** | *none* | |
| | | | | | |
| 4 | 11 | | DEFENDANT | @11200441 | GEO REENTRY SERVICES LLC |
| **Address:** | 621 NW 53RD STREET, SUITE 700 BOCA RATON FL 33487 | | **Aliases:** | *none* | |
| | | | | | |
| 5 | 11 | | DEFENDANT | @11200442 | GEO OPERATIONS INC |
| **Address:** | 621 NW 53RD STREET, SUITE 700 BOCA RATON FL 33487 | | **Aliases:** | *none* | |
| | | | | | |
| 6 | 11 | | DEFENDANT | @11200443 | GEO SECURE SERVICES LLC |
| **Address:** | 621 NW 53RD STREET, SUITE 700 BOCA RATON, FL 33487 | | **Aliases:** | GEO CORRECTIONS AND DETENTIONS LLC FKA | |
| | | | | | |
| 7 | 11 | | DEFENDANT | @11200444 | GEO CORRECTIONAL HOLDINGS INC |
| **Address:** | 621 NW 53RD STREET, SUITE 700 BOCA RATON FL 33487 | | **Aliases:** | *none* | |
| | | | | | |
| 8 | 11 | | DEFENDANT | @11200445 | COMMUNITY EDUCATION CENTERS INC |
| **Address:** | 621 NW 53RD STREET, SUITE 700 BOCA RATON FL 33487 | | **Aliases:** | *none* | |
| | | | | | |
| 9 | 11 | | DEFENDANT | @11200446 | BYRNE, DAVID |
| **Address:** | 500 CHEYNEY ROAD | | **Aliases:** | *none* | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | THORNTON PA 19373 |

| 10 | | 30-NOV-2021 | TEAM LEADER | J461 | ANDERS, DANIEL J |
|---|---|---|---|---|---|
| **Address:** | 529 CITY HALL PHILADELPHIA PA 19107 | | **Aliases:** | *none* | |

| 11 | | | ATTORNEY FOR DEFENDANT | A83131 | FRY, MATTHEW H |
|---|---|---|---|---|---|
| **Address:** | DIORIO & SERENI, LLP 21 W. FRONT STREET MEDIA PA 19063 (610)565-5700 (610)891-0652 - FAX mfry@dioriosereni.com | | **Aliases:** | *none* | |

| 12 | 11 | | ATTORNEY FOR DEFENDANT | A17838 | DIORIO, ROBERT M |
|---|---|---|---|---|---|
| **Address:** | FRONT & PLUM STS PO BOX 1789 MEDIA PA 19063 (610)565-5700 (610)891-0652 - FAX rdiorio@dioriosereni.com | | **Aliases:** | *none* | |

| 13 | 1 | | ATTORNEY FOR PLAINTIFF | A313964 | CAVALIERE, MICHAEL A |
|---|---|---|---|---|---|
| **Address:** | KLINE & SPECTER PC 1525 LOCUST STREET 19TH FLOOR PHILADELPHIA PA 19102 (215)772-0535 (215)735-0937 - FAX michael.cavaliere@klinespecter.com | | **Aliases:** | *none* | |

| 14 | | | TEAM LEADER | J448 | COHEN, DENIS P |
|---|---|---|---|---|---|
| **Address:** | 656 CITY HALL PHILADELPHIA PA 19107 | | **Aliases:** | *none* | |

## Docket Entries

☐ Check for Threaded Docket
This feature will reduce the docket
to motion related entries only.

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 29-JUL-2021 01:42 PM | ACTIV - ACTIVE CASE | | | 29-JUL-2021 04:10 PM |
| **Docket Entry:** | E-Filing Number: 2107055287 | | | |
| | | | | |
| 29-JUL-2021 01:42 PM | CIVIJ - COMMENCEMENT CIVIL ACTION JURY | INSCHO, DAVID K | | 29-JUL-2021 04:10 PM |
| **Documents:** | Final Cover | | | |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 29-JUL-2021 01:42 PM | WRSUM - PRAE TO ISSUE WRIT OF SUMMONS | INSCHO, DAVID K | | 29-JUL-2021 04:10 PM |
| **Documents:** | Praecipe to Issue Writ of Summons.pdf Writ of Summons.pdf | | | |
| **Docket Entry:** | PRAECIPE TO ISSUE WRIT OF SUMMONS FILED. WRIT OF SUMMONS ISSUED. | | | |
| | | | | |
| 29-JUL-2021 01:42 PM | JURYT - JURY TRIAL PERFECTED | INSCHO, DAVID K | | 29-JUL-2021 04:10 PM |
| **Docket Entry:** | 12 JURORS REQUESTED. | | | |
| | | | | |
| 29-JUL-2021 01:42 PM | CLWCM - WAITING TO LIST CASE MGMT CONF | INSCHO, DAVID K | | 29-JUL-2021 04:10 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 19-AUG-2021 03:51 PM | ENAPP - ENTRY OF APPEARANCE | FRY, MATTHEW H | | 19-AUG-2021 03:51 PM |
| **Documents:** | EOA 8.19.21.pdf | | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF MATTHEW H FRY AND ROBERT M DIORIO FILED. (FILED ON BEHALF OF DAVID BYRNE, COMMUNITY EDUCATION CENTERS INC, GEO CORRECTIONAL HOLDINGS INC, GEO SECURE SERVICES LLC, GEO OPERATIONS INC, GEO REENTRY SERVICES LLC AND GEO GROUP INC) | | | |

| 19-AUG-2021 03:53 PM | RULEP - RULE TO FILE COMPLAINT | FRY, MATTHEW H | | 19-AUG-2021 03:55 PM |
|---|---|---|---|---|
| **Documents:** | [Praecipe for Rule to File Complaint 8.19.21.pdf](#) | | | |
| **Docket Entry:** | PRAECIPE AND RULE FILED UPON ZAKIAH C. FREEMAN TO FILE A COMPLAINT WITHIN TWENTY (20) DAYS OR SUFFER JUDGMENT OF NON PROS FILED. (FILED ON BEHALF OF DAVID BYRNE, COMMUNITY EDUCATION CENTERS INC, GEO CORRECTIONAL HOLDINGS INC, GEO SECURE SERVICES LLC, GEO OPERATIONS INC, GEO REENTRY SERVICES LLC AND GEO GROUP INC) | | | |
| | | | | |
| 26-AUG-2021 09:06 AM | ENAPC - ENTRY OF APPEARANCE-CO COUNSEL | CAVALIERE, MICHAEL A | | 26-AUG-2021 09:52 AM |
| **Documents:** | [MC Entry of Appearance.pdf](#) | | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF MICHAEL A CAVALIERE AS CO-COUNSEL FILED. (FILED ON BEHALF OF ZAKIAH CHANTE FREEMAN) | | | |
| | | | | |
| 30-AUG-2021 07:33 AM | AFDVT - AFFIDAVIT OF SERVICE FILED | | | 30-AUG-2021 09:14 AM |
| **Documents:** | [181040.01_AFFIDAVIT_3264C370-A500-F64B-8E58-3B5DAD089744.pdf](#) | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF WRIT OF SUMMONS, PRE-COMPLAINT INTERROGATORIES, PRE-COMPLAINT INTERROG(SET II),REQ FOR PROD OF DOCS UPON DAVID BYRNE BY SHERIFF SERVICE DELAWARE ON 08/16/2021 FILED. | | | |
| | | | | |
| 15-SEP-2021 02:45 PM | MTMIS - MISCELLANEOUS MOTION/PETITION | INSCHO, DAVID K | | 15-SEP-2021 03:53 PM |
| **Documents:** | [Motion to Stay Rule to File (DKI).pdf](#)<br>[Motion CoverSheet Form](#) | | | |
| **Docket Entry:** | 20-21093020 RESPONSE DATE 10/05/2021. PLAINTIFF'S MOTION TO STAY RULE TO FILE COMPLAINT (FILED ON BEHALF OF ZAKIAH CHANTE FREEMAN) | | | |
| | | | | |
| 27-SEP-2021 04:01 PM | MTANS - ANSWER (MOTION/PETITION) FILED | FRY, MATTHEW H | | 27-SEP-2021 04:06 PM |
| **Documents:** | [Def Opposition to Motion to Stay Rule to File Complaint 9.27.21.pdf](#)<br>[Motion CoverSheet Form](#) | | | |
| **Docket Entry:** | 20-21093020 ANSWER IN OPPOSITION OF MISCELLANEOUS MOTION/PETITION FILED. (FILED ON BEHALF OF DAVID BYRNE, COMMUNITY EDUCATION CENTERS INC, GEO CORRECTIONAL HOLDINGS INC, GEO SECURE SERVICES LLC, GEO OPERATIONS INC, GEO REENTRY SERVICES LLC AND GEO GROUP INC) | | | |

| 28-SEP-2021<br>10:45 AM | DSCIM - DISCOVERY MOTION<br>FILED | INSCHO, DAVID<br>K | | 28-SEP-2021<br>10:48 AM |
|---|---|---|---|---|
| **Documents:** | MTC.pdf | | | |
| **Docket Entry:** | 64-21094964 MOTION FOR PRE-COMPLAINT DISCOVERY. CERTIFICATION DUE DATE: 10/05/2021. RESPONSE DATE: 10/12/2021. (FILED ON BEHALF OF ZAKIAH CHANTE FREEMAN) | | | |
| | | | | |
| 28-SEP-2021<br>11:39 AM | DISCT - CERT MOTION IS<br>CONTESTED | INSCHO, DAVID<br>K | | 28-SEP-2021<br>12:00 PM |
| **Documents:** | Praecipe for Contested Discovery Motion.pdf | | | |
| **Docket Entry:** | 64-21094964 MOTION IS CONTESTED. (FILED ON BEHALF OF ZAKIAH CHANTE FREEMAN) | | | |
| | | | | |
| 29-SEP-2021<br>03:59 PM | ORDER - ORDER ENTERED/236<br>NOTICE GIVEN | ANDERS,<br>DANIEL J | | 29-SEP-2021<br>03:59 PM |
| **Documents:** | ORDER_14.pdf | | | |
| **Docket Entry:** | 20-21093020 UPON CONSIDERATION OF PLAINTIFF'S MOTION TO STAY RULE TO FILE COMPLAINT, AND ANY RESPONSES THERETO, IT IS HEREBY ORDERED AND DECREED AS FOLLOWS: ANY ACTION ON DEFENDANT'S RULE TO FILE A COMPLAINT IS STAYED PENDING THE DISPOSITION OF PLAINTIFF'S MOTION FOR PRE-COMPLAINT DISCOVERY AND IF GRANTED STAYED UNTIL TWENTY (20) DAYS AFTER THE DEFENDANT PRODUCES FULL AND COMPLETE RESPONSES TO PLAINTIFF'S PRE-COMPLAINT DISCOVERY. ... BY THE COURT: ANDERS, J. 09/29/21 | | | |
| | | | | |
| 29-SEP-2021<br>03:59 PM | ZR236 - NOTICE GIVEN UNDER<br>RULE 236 | | | 30-SEP-2021<br>03:26 PM |
| **Docket Entry:** | NOTICE GIVEN ON 30-SEP-2021 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 29-SEP-2021. | | | |
| | | | | |
| 30-SEP-2021<br>03:12 PM | AFDVT - AFFIDAVIT OF SERVICE<br>FILED | INSCHO, DAVID<br>K | | 30-SEP-2021<br>03:12 PM |
| **Documents:** | AOS - GEO Group.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON GEO GROUP INC BY CERTIFIED MAIL ON 08/24/2021 FILED. (FILED ON BEHALF OF ZAKIAH CHANTE FREEMAN) | | | |
| | | | | |
| 30-SEP-2021<br>03:16 PM | AFDVT - AFFIDAVIT OF SERVICE<br>FILED | INSCHO, DAVID<br>K | | 30-SEP-2021<br>03:17 PM |
| **Documents:** | AOS GEO Secure Services.pdf | | | |

| | | | |
|---|---|---|---|
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON GEO SECURE SERVICES LLC BY CERTIFIED MAIL ON 08/20/2021 FILED. (FILED ON BEHALF OF ZAKIAH CHANTE FREEMAN) | | |
| | | | |
| 30-SEP-2021 03:23 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | INSCHO, DAVID K | 30-SEP-2021 03:24 PM |
| **Documents:** | AOS - GEO Reentry.pdf | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON GEO REENTRY SERVICES LLC BY CERTIFIED MAIL ON 08/26/2021 FILED. (FILED ON BEHALF OF ZAKIAH CHANTE FREEMAN) | | |
| | | | |
| 30-SEP-2021 03:30 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | INSCHO, DAVID K | 30-SEP-2021 03:32 PM |
| **Documents:** | AOS - GEO Operations.pdf | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON GEO OPERATIONS INC BY CERTIFIED MAIL ON 08/26/2021 FILED. (FILED ON BEHALF OF ZAKIAH CHANTE FREEMAN) | | |
| | | | |
| 30-SEP-2021 03:32 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | INSCHO, DAVID K | 30-SEP-2021 03:34 PM |
| **Documents:** | AOS - CEC.pdf | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON COMMUNITY EDUCATION CENTERS INC BY CERTIFIED MAIL ON 08/24/2021 FILED. (FILED ON BEHALF OF ZAKIAH CHANTE FREEMAN) | | |
| | | | |
| 30-SEP-2021 03:35 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | INSCHO, DAVID K | 30-SEP-2021 03:36 PM |
| **Documents:** | AOS GEO Correctional Holdings.pdf | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON GEO CORRECTIONAL HOLDINGS INC BY CERTIFIED MAIL ON 08/26/2021 FILED. (FILED ON BEHALF OF ZAKIAH CHANTE FREEMAN) | | |
| | | | |
| 06-OCT-2021 10:49 AM | CERTI - CERTIFICATION FILED | INSCHO, DAVID K | 06-OCT-2021 10:51 AM |
| **Documents:** | Certificate Prerequisite to Subpoena.pdf | | |
| **Docket Entry:** | CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22 FILED. (FILED ON BEHALF OF ZAKIAH CHANTE FREEMAN) | | |
| | | | |
| 12-OCT-2021 10:48 AM | MTANS - ANSWER (MOTION/PETITION) FILED | FRY, MATTHEW H | 12-OCT-2021 11:23 AM |

| | | | | |
|---|---|---|---|---|
| **Documents:** | Defts Response to Motion to Compel PreComplaint Discovery_10.12.21.pdf<br>Motion CoverSheet Form | | | |
| **Docket Entry:** | 64-21094964 ANSWER IN OPPOSITION OF DISCOVERY MOTION FILED FILED. (FILED ON BEHALF OF DAVID BYRNE, COMMUNITY EDUCATION CENTERS INC, GEO CORRECTIONAL HOLDINGS INC, GEO SECURE SERVICES LLC, GEO OPERATIONS INC, GEO REENTRY SERVICES LLC AND GEO GROUP INC) | | | |
| | | | | |
| 13-OCT-2021<br>02:05 PM | CLLDS - LISTED FOR DISCOVERY HEARING | | | 13-OCT-2021<br>02:05 PM |
| **Docket Entry:** | 64-21094964 DISCOVERY MOTION FILED SCHEDULED FOR A HEARING ON OCTOBER 25, 2021 AT 09:00 AM IN REMOTE HEARING VIA ADVANCED COMMUN. TECH. | | | |
| | | | | |
| 15-OCT-2021<br>12:27 AM | CLNGD - NOTICE GIVEN-DISCOVERY HEARING | | | 15-OCT-2021<br>12:27 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 25-OCT-2021<br>10:57 AM | CLRBC - CASE RESCHEDULED BY COURT | | | 25-OCT-2021<br>10:57 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 25-OCT-2021<br>11:02 AM | CLLDS - LISTED FOR DISCOVERY HEARING | | | 25-OCT-2021<br>11:02 AM |
| **Docket Entry:** | 64-21094694 DISCOVERY MOTION FILED SCHEDULED FOR A HEARING ON NOVEMBER 8, 2021 AT 9:00 IN REMOTE HEARING VIA ADVANCED COMMUN. TECH | | | |
| | | | | |
| 27-OCT-2021<br>12:26 AM | CLNGD - NOTICE GIVEN-DISCOVERY HEARING | | | 27-OCT-2021<br>12:26 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 08-NOV-2021<br>12:24 PM | MTWTD - MOTION/PETITION/STIP WITHDRAWN | ANDERS, DANIEL J | | 08-NOV-2021<br>12:24 PM |
| **Docket Entry:** | 64-21094964 | | | |
| | | | | |
| 06-JAN-2022 | CLLCM - LISTED FOR CASE | | | 06-JAN-2022 |

| 03:45 PM | MGMT CONF | | | 03:45 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 06-JAN-2022 03:45 PM | NOTGV - NOTICE GIVEN | | | 06-JAN-2022 03:45 PM |
| **Documents:** | NOTGV_31.pdf | | | |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 06-JAN-2022 03:45 PM | ZR236 - NOTICE GIVEN UNDER RULE 236 | | | 10-JAN-2022 03:48 PM |
| **Docket Entry:** | NOTICE GIVEN ON 10-JAN-2022 OF NOTICE GIVEN ENTERED ON 06-JAN-2022. | | | |
| | | | | |
| 08-JAN-2022 12:30 AM | CLNGV - NOTICE GIVEN | | | 08-JAN-2022 12:30 AM |
| **Docket Entry:** | OF CASE MANAGEMENT CONFERENCE SCHEDULED FOR 24-JAN-2022. | | | |
| | | | | |
| 24-JAN-2022 10:36 AM | CLWCM - WAITING TO LIST CASE MGMT CONF | LAWLOR, BRIAN | | 24-JAN-2022 10:37 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 27-JAN-2022 02:14 PM | CLLCM - LISTED FOR CASE MGMT CONF | | | 27-JAN-2022 02:14 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 29-JAN-2022 12:30 AM | CLNGV - NOTICE GIVEN | | | 29-JAN-2022 12:30 AM |
| **Docket Entry:** | OF CASE MANAGEMENT CONFERENCE SCHEDULED FOR 08-FEB-2022. | | | |
| | | | | |
| 08-FEB-2022 01:14 PM | CLRBC - CASE RESCHEDULED BY COURT | ITALIANO, THERESA | | 08-FEB-2022 01:15 PM |
| **Docket** | CASE MANAGMENT CONFERENCE CONTINUED AND WILL BE CONDUCTED USING ZOOM; PLAINTIFF TO FILE COMPLAINT | | | |

| | Entry: | | | |
|---|---|---|---|---|
| | | | | |
| 08-FEB-2022 01:16 PM | CLLCM - LISTED FOR CASE MGMT CONF | | | 08-FEB-2022 01:16 PM |
| Docket Entry: | *none.* | | | |
| | | | | |
| 08-FEB-2022 01:16 PM | NOTGV - NOTICE GIVEN | | | 08-FEB-2022 01:16 PM |
| Documents: | NOTGV_39.pdf | | | |
| Docket Entry: | THE CASE MANAGEMENT ORDER ISSUANCE DATE FOR THE ABOVE-CAPTIONED MATTER HAS BEEN RESCHEDULED FOR Wednesday, March 09, 2022, AFTER WHICH A CASE MANAGEMENT ORDER WILL BE ISSUED BY A CIVIL CASE MANAGER SUBSEQUENT TO A REVIEW OF THE ELECTRONIC COURT RECORD, CIVIL DOCKET, AND CASE MANAGEMENT MEMORANDA. ATTENDANCE BY ALL COUNSEL OF RECORD AND UNREPRESENTED PARTIES IS WAIVED. NO CASE MANAGEMENT CONFERENCE WILL BE HELD IN CITY HALL. COUNSEL FOR PLAINTIFF IS DIRECTED TO SERVE A COPY OF THIS NOTICE ON ANY UNREPRESENTED PARTY AND ANY ATTORNEY ENTERING AN APPEARANCE SUBSEQUENT TO THE ISSUANCE OF THIS NOTICE. IF THE CASE SETTLES PRIOR TO THE CONFERENCE, ELECTRONICALLY FILE A SETTLEMENT LETTER. TO FILE THE LETTER ELECTRONICALLY, ACCESS THE "EXISTING CASE" SECTION OF THE COURT'S ELECTRONIC FILING SYSTEM. SELECT "CONFERENCE SUBMISSIONS" AS THE FILING CATEGORY. SELECT "SETTLEMENT LETTER" AS THE DOCUMENT TYPE. QUESTIONS CONCERNING THIS NOTICE AND ITS CONTENTS SHALL BE REFERRED TO 215-686-5135. | | | |
| | | | | |
| 08-FEB-2022 01:16 PM | ZR236 - NOTICE GIVEN UNDER RULE 236 | | | 08-FEB-2022 04:59 PM |
| Docket Entry: | NOTICE GIVEN ON 08-FEB-2022 OF NOTICE GIVEN ENTERED ON 08-FEB-2022. | | | |
| | | | | |
| 10-FEB-2022 12:30 AM | CLNGV - NOTICE GIVEN | | | 10-FEB-2022 12:30 AM |
| Docket Entry: | OF CASE MANAGEMENT CONFERENCE SCHEDULED FOR 09-MAR-2022. | | | |
| | | | | |
| 09-MAR-2022 09:25 AM | CLWRD - WAITING TO LIST RULE DATE | SULLIVAN, JOAN | | 09-MAR-2022 09:25 AM |
| Docket Entry: | NO COMPLAINT. | | | |

| 09-MAR-2022 02:45 PM | CMPLT - COMPLAINT FILED NOTICE GIVEN | INSCHO, DAVID K | 09-MAR-2022 03:13 PM |
|---|---|---|---|
| **Documents:** | [Freeman Complaint.pdf](Freeman Complaint.pdf) | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. (FILED ON BEHALF OF ZAKIAH CHANTE FREEMAN) | | |
| | | | |
| 09-MAR-2022 03:43 PM | CLWCM - WAITING TO LIST CASE MGMT CONF | | 09-MAR-2022 12:00 AM |
| **Docket Entry:** | *none.* | | |
| | | | |
| 09-MAR-2022 03:46 PM | CLLCM - LISTED FOR CASE MGMT CONF | | 09-MAR-2022 03:46 PM |
| **Docket Entry:** | *none.* | | |
| | | | |
| 09-MAR-2022 03:55 PM | CLCCC - CASE MGMT CONFERENCE COMPLETED | SULLIVAN, JOAN | 09-MAR-2022 03:55 PM |
| **Docket Entry:** | *none.* | | |
| | | | |
| 09-MAR-2022 03:55 PM | CMOIS - CASE MANAGEMENT ORDER ISSUED | | 09-MAR-2022 03:55 PM |
| **Docket Entry:** | CASE MANAGEMENT ORDER COMPLEX TRACK - AND NOW, 09-MAR-2022, it is Ordered that: 1. The case management and time standards adopted for complex track cases shall be applicable to this case and are hereby incorporated into this Order. 2. All discovery on the above matter shall be completed not later than 01-JUN-2023. 3. Plaintiff shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial to all other parties not later than 03-JUL-2023. 4. Defendant and any additional defendants shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial not later than 01-AUG-2023. 5. All pre-trial motions shall be filed not later than 01-AUG-2023. 6. A settlement conference may be scheduled at any time after 01-SEP-2023. Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following: (a) A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant; (b) A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount;(c) Defendant shall identify all applicable insurance carriers, together with applicable limits of liability. 7. A pre-trial conference will be scheduled at any time after 01-NOV-2023. Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following:(a) A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant;(b) A list of all witnesses | | |

who may be called to testify at trial by name and address. Counsel should expect witnesses not listed to be precluded from testifying at trial;(c) A list of all exhibits the party intends to offer into evidence. All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial;(d) Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount. This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and (e) Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability;(f) Each counsel shall provide an estimate of the anticipated length of trial. 8. It is expected that the case will be ready for trial 01-DEC-2023, and counsel should anticipate trial to begin expeditiously thereafter. 9. All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this order. ...BY THE COURT: DENIS COHEN, J.

| 09-MAR-2022 03:55 PM | CLLSC - LISTED FOR SETTLEMENT CONF | | | 09-MAR-2022 03:55 PM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 09-MAR-2022 03:55 PM | CLLPT - LISTED FOR PRE-TRIAL CONF | | | 09-MAR-2022 03:55 PM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 09-MAR-2022 03:55 PM | CLLTR - LISTED FOR TRIAL | | | 09-MAR-2022 03:55 PM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 10-MAR-2022 10:40 AM | PRSBV - PRAECIPE-ATTACH VERIFICATION | INSCHO, DAVID K | | 10-MAR-2022 11:48 AM |
|---|---|---|---|---|
| **Documents:** | 22.3.10 Praecipe to Substitute.pdf | | | |
| **Docket Entry:** | PRAECIPE TO SUBSTITUTE/ATTACH VERIFICATION FILED. (FILED ON BEHALF OF ZAKIAH CHANTE FREEMAN) | | | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

ZAKIAH CHANTE FREEMAN, AS : 
ADMINISTRATRIX OF THE :
ESTATE OF ZAFIQ A. FREEMAN, :
DECEASED :
719 Atwood Road :
Philadelphia, PA 19151 :
                                       :
               **Plaintiff,** :
                                         : No.:
v. :
                                         :
THE GEO GROUP, INC. :
4955 Technology Way : **NOTICE OF REMOVAL**
Boca Raton, FL 33431 :
                                         :
      and :
                                         :
GEO REENTRY SERVICES, LLC :
4955 Technology Way :
Boca Raton, FL 33431 :
                                         :
     and :
                                         :
GEO OPERATIONS, INC. :
4955 Technology Way :
Boca Raton, FL 33431 :
                                         :
     and :
                                         :
GEO SECURE SERVICES, LLC F/K/A :
GEO CORRECTIONS AND :
DETENTIONS, LLC :
4955 Technology Way :
Boca Raton, FL 33431 :
                                         :
     and :
                                         :
GEO CORRECTIONAL :
HOLDINGS, INC. :
4955 Technology Way :
Boca Raton, FL 33431 :
                                         :
     and :

**COMMUNITY EDUCATION**     :
**CENTERS, INC**.     :
4955 Technology Way     :
Boca Raton, FL 33431     :
     :
    and     :
     :
**DAVID BYRNE**     :
500 Cheyney Road     :
Thornton, PA 19373     :
     :
         **Defendants.**     :

---

## CERTIFICATE OF SERVICE

We, Robert M. DiOrio and Matthew H. Fry, attorneys for Defendant, hereby certify that a true and correct copy of the foregoing Notice of Removal was filed electronically via the Court's Electronic system on the date below and is available for viewing and download by all counsel of record.

David K. Inscho, Esquire
Kline & Specter, PC
1526 Locust Street
Philadelphia, PA 19102

*via first class mail*

Prothonotary
Court of Common Pleas of Philadelphia County
City Hall, Room 278
Philadelphia, PA 19107

*via e-filing system*

Respectfully Submitted,
**DiORIO & SERENI, LLP**

**DATE:** <u>March 29, 2022</u>     **BY:**    <u>/s/ *Robert M. DiOrio*</u>
               **ROBERT M. DIORIO, ESQ.**
               Attorney ID No.: 17838

               <u>/s/ *Matthew H. Fry*</u>
               **MATTHEW H. FRY, ESQ.**
               Attorney ID No.: 83131
               DiOrio & Sereni LLP
               P.O. Box 1789
               Media, PA 19063